IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **AMENDED ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Ceballos Tyrone Davis, | ) | Case No. 1:24-cr-052 |
| | ) | |
| Defendant. | ) | |

On December 17, 2025, the court convened an *ex parte* hearing on an *ex parte* motion filed by defense counsel. At this hearing, Defendant asserted his Sixth Amendment right to represent himself at trial.

The Sixth Amendment guarantees a defendant the right to represent himself at trial. Faretta v. California, 422 U.S. 806, 818-821 (1975). "Even though a defendant may conduct his own defense to his detriment by relinquishing the benefits associated with the right to counsel, his choice must be honored." United States v. Turner, 644 F.3d 713, 720 (8th Cir. 2011). If a defendant's request to assert his right to self-representation is clear and unequivocal, a Faretta hearing must follow. Finch v. Payne, 983 F.3d 973, 980 (8th Cir. 2020) (citing United States v. Kelley, 787 F.3d 915, 918 (8th Cir. 2015)).

The court shall schedule a Faretta hearing for January 5, 2026, at 11:00 AM in Bismarck (courtroom #2). At the Faretta hearing, and before Defendant may be allowed to exercise his right to self-representation, Defendant must knowingly and voluntarily relinquish his right to counsel. Turner, 644 F.3d at 720-21. "The adequacy of the waiver depends on the particular facts and circumstances of each case, including the background, experience, and conduct of the accused." Id.

1

at 721. Consequently, the court shall question Defendant about his knowledge of the right and adequately warn him of the dangers and disadvantages involved in proceeding *pro se.* United States v. Stanley, 891 F.3d 735, 738 (8th Cir. 2018); Shafer v. Bowersox, 329 F.3d 637, 647-48 (8th Cir. 2003); Iowa v. Tovar, 541 U.S. 77, 89 (2004) (Warnings of the pitfalls of proceeding to trial without counsel ... must be 'rigorous[ly]' conveyed." (alteration in original)). Counsel may be waived if the defendant "knows what he is doing and his choice is made with eyes open." Faretta, 422 U.S. at 835. The court must also be satisfied that Defendant is competent to waive the right and stand trial. Turner, 644 F.3d at 721.

**IT IS SO ORDERED.**

Dated this 18th day of December, 2025.

>*/s/ Clare R. Hochhalter*
>Clare R. Hochhalter, Magistrate Judge
>United States District Court