IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>                              Plaintiff,<br><br>vs.<br><br>Ceballos Tyrone Davis,<br><br>                              Defendant. | Case No. 1:24-cr-00052 |

**ORDER DENYING MOTION TO SUPPRESS AND MOTION FOR HEARING**

[¶ 1]   THIS MATTER comes before the Court on a Motion to Suppress and Motion for a <u>Franks</u> Hearing filed by Defendant Davis on February 5, 2026. Doc. No. 154. For the reasons stated below, Defendant's Motions are **DENIED**.

[¶ 2]   Defendant was indicted in a Superseding Indictment on June 27, 2024, for Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances and Possession with Intent to Distribute Controlled Substances, Aiding and Abetting. Doc. No. 26. Almost exactly one year ago, Defendant filed a Motion to Suppress the evidence relating to the search and seizure of the apartment where he was arrested, his person, and his vehicle. Doc. No. 63. At that time, Defendant also requested a <u>Franks</u> hearing. <u>Id.</u> After an evidentiary hearing and multiple rounds of briefing, this Court denied that motion on December 1, 2025. Doc. No. 131. Since that time Defendant has been deemed competent to proceed *pro se*. Doc. No. 153.

[¶ 3]   The Court finds the grounds raised in Defendant's newest motion are repetitive of the issues already ruled on in December. Defendant argues again that there was insufficient probable cause for the warrant because co-Defendant Kuntz's reliability was not verified and the

- 2 -

information was stale. Doc. No. 154, p. 1. The Court addressed this argument in ¶¶ 24–25 of its Order. Doc. No. 131. Defendant challenges the authority of a tribal judge to authorize a warrant. Doc. No. 154, p. 3. The Court addressed this argument in ¶¶ 14–20. Doc. No. 131. Defendant argues he is entitled to a Franks hearing because the officer omitted information on the warrant's affidavit. Doc. No. 154, p. 6. The Court address this argument in ¶¶ 31–35. The Defendant argues the money found on his person should be suppressed. Doc. No. 154, p. 6. The Court addressed this in ¶ 29. Doc. No. 131. The Defendant the warrant for the phone is suppressible as derivative evidence. Doc. No. 154, p. 7. The Court addressed this in ¶¶ 26–27. Doc. No. 131.

[¶ 4]   For the foregoing reasons, Defendant's Motion to Suppress and Motion for a Franks Hearing (Doc. No. 154) are **DENIED**.

[¶ 5]   **IT IS SO ORDERED.**

DATED February 13, 2026.

Daniel M. Traynor, District Judge
United States District Court